UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| WILLIAM WAYNE MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 1:16-CV-238-HSM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Federal inmate William Wayne Martin has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion, and Martin has filed a reply thereto. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and Martin's § 2255 motion will be denied.

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Martin pleaded guilty and was convicted of possessing a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g) [Doc. 23 in No. 1:11-CR-69]. Based on his prior Tennessee convictions – including six convictions for burglary and one conviction for aggravated assault – Martin was deemed an armed career criminal [Presentence Investigation Report ("PSR") ¶¶ 22, 53, 55-57 in No. 1:11-CR-69]. The Court sentenced him to the statutory mandatory minimum of 180 months' imprisonment [Doc. 23 in No. 1:11-CR-69]. Martin did not appeal.

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

On or about June 20, 2016, Martin filed the instant § 2255 motion, alleging that his status as an armed career criminal is no longer valid after the Supreme Court's decision in *Johnson v. United States*, which invalidated the residual clause of the Armed Career Criminal Act "(ACCA")" [Doc. 1]. *Johnson v. United States*, 135 S. Ct. 2551 (2015). The United States was ordered to respond to Martin's allegations, and it complied with the order by filing a response in opposition to the motion on August 19, 2016 [Doc. 5]. Thereafter, Martin filed a reply to the United States' response [Doc. 6].

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

The ACCA requires a 15-year minimum sentence for a felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense

clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another") (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson v. United States*, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague and violative of due process. *Johnson*, 135 S. Ct. at 2563. However, *Johnson* did not invalidate "the remainder of the Act's definition of a violent felony." *Id.* Therefore, for a § 2255 petitioner to obtain relief under *Johnson*, he must show that his ACCA-enhanced sentence was necessarily based on a predicate violent felony that only qualified as such under the residual clause. *See, e.g., Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 6018). Accordingly, post-*Johnson*, a defendant can properly receive an ACCA-enhanced sentence based either on the statute's use-of-force or enumerated-offense clauses. *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (affirming ACCA sentence where prior convictions qualified under use-of-force and enumerated-offense clauses).

In evaluating whether a conviction qualifies as a predicate offense under the ACCA's enumerated-offense clause, courts apply the "categorical approach," which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the statute of conviction is broader than that criminalizing the generic offense, then it cannot qualify as a violent felony, regardless of the facts comprising the offense. *See, e.g., Mathis*, 136 S. Ct. at 2248-49.

Where the statute of conviction is "divisible," in that it lists elements in the alternative to define several different variants of the crime, courts may employ the "modified categorical approach" in order to evaluate which of the alternative elements constituted the offense of

3

conviction. *See, e.g., Mathis*, 136 S. Ct. at 2249. When considering whether the conviction qualifies as an ACCA predicate under this approach, courts may review a limited set of documents (referred to as *Shepard* documents) to determine the elements of the crime of conviction and compare that crime to the generic offense. *See id.; see also Shepard v. United States*, 125 S. Ct. 1254 (2005).

### A. Aggravated assault

At the time Martin was convicted of aggravated assault, Tennessee law held that a person commits aggravated assault if, in relevant part, he:

(1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:
    (A) Causes serious bodily injury to another; or
    (B) Uses or displays a deadly weapon; or

(2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:
    (A) Causes serious bodily injury to another; or
    (B) Uses or displays a deadly weapon.

Tenn. Code Ann. § 39-13-102(a). A violation of subdivision (a)(1) is a Class C felony, while a violation of (a)(2) is a Class D felony. *See* Tenn. Code Ann. § 39-13-102(d)(1).

The statute is divisible, because it lists several different variants of the offense. *See, e.g., United States v. Cooper*, 739 F.3d 873, 879 (6th Cir. 2014) (recognizing that "§ 39-13-102 can be offended in a number of ways"). In this case, the *Shephard d*ocuments demonstrate that Martin was convicted of a Class C felony – the knowing/intentional variant of the offense [*See* Doc. 5 p. 13]. Martin's aggravated assault conviction thus categorically qualifies as a violent felony under the use-of-force clause. *See Davis v. United States*, 900 F.3d 733, 737 (6th Cir. 2018) (finding prior Tennessee conviction for aggravated assault conviction under § 39-13-102(a)(1), when confirmed by documented proof, qualifies as a predicate crime under the ACCA). Accordingly, Martin's aggravated assault conviction constitutes an ACCA predicate offense.

**B.     Burglaries**

The Tennessee burglary statute under which Martin was convicted provides that an individual commits burglary when, "without the effective consent of the property owner," he:

> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
>
> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
>
> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
>
> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a). Burglary under subsections (a)(1) through (a)(3) is a Class D felony, while burglary under subsection (a)(4) is a Class E felony. *See* Tenn. Code Ann. § 39-14-402(c),(d).

Tennessee's burglary statute is "divisible," in that it lists elements in the alternative to define several different variants of the crime. *See United States v. Davis*, 737 F. App'x 736, 739 (6th Cir. June 13, 2018); *Lofties v. United States*, 694 F. App'x 996, 1000 (6th Cir. June 1, 2017). However, the *Shephard* documents associated with Martin's convictions show that he was convicted of Class D felonies in each case, which necessarily indicates violations of subsection (a)(1), (2), or (3) of the burglary statute [Doc. 5 p. 7-12]. Violations of any of the first three subsections of Tennessee's burglary statute constitutes generic burglary. *See United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017); *Priddy*, 808 F.3d at 684-85; *see also United States v. Eason*, 643 F.3d 622, 624 (8th Cir. 2011) ("Subparts (1) – (3) of [§ 39-14-402] plainly set forth the elements of generic burglary as defined by the Supreme Court in *Taylor*."). Accordingly,

5

Martin's six burglary convictions qualify as ACCA predicates, and he is properly classified as an armed career criminal.

## IV. MOTIONS

Also pending in this action are Martin's motion for the appointment of counsel [Doc. 2] and Respondent's motion for an extension of time within which to file its response to the petition [Doc. 4]. Inasmuch as this Court has determined that Martin's claims are without merit and that an evidentiary hearing is unnecessary in this action, Martin's motion for the appointment of counsel will be denied. *See* Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts; 18 U.S.C. § 3006A (allowing appointment of counsel if the "interests of justice so require"). Additionally, because the United States has filed its response, its motion for an extension of time will be denied as moot.

## V. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Martin must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## VI. CONCLUSION

For the reasons stated herein, Martin has failed to establish any basis upon which § 2255 relief could be granted, and his motion will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Judgment Order will enter.**

                                    */s/ Harry S. Mattice, Jr.*_____
                                    HARRY S. MATTICE, JR.
                                    UNITED STATES DISTRICT JUDGE